JACOB MILLER *vs.* ELIZABETH L. GREGORY.

1. A defendant cannot pray anything in his answer but to be dismissed the court. If he has any relief to pray, or discovery to seek against the complainant, he must do so by cross-bill.

2. An answer to a bill to foreclose cannot draw in question the fairness and validity of a sale, the purchase money whereof the mortgage was given to secure, or impeach the contract on which the title of the mortgagor is founded. These matters can only be drawn in question by cross-bill.

*Ogden*, for complainant.

*Fleming*, for defendant.

THE CHANCELLOR. The defence which the defendant seeks to set up by her answer, can only be made available by cross-bill. A defendant cannot pray anything in his answer but to be dismissed the court. If he has any relief to pray, or discovery to seek against the complainant, he must do so by cross-bill. *Lubé's Eq. Pl.* 55, 142; 3 *Daniell's Ch. Pr.* 1742.

There are, it is true, general allegations in the answer that nothing is due upon the complainant's mortgage, and that it was obtained by false and fraudulent representations. But the substance of the defence is, that the defendant was fraudulently induced to become the purchaser of the mortgaged premises from the complainant at a price beyond its real value, and to give the mortgage now sought to be foreclosed to the complainant, for a portion of the purchase money. It draws in question the fairness and validity of the sale made by the complainant to the defendant, and seeks to impeach the contract on which the title is founded. These matters, if available at all as a defence to this suit, can only be drawn in question by cross-bill. The complainant is entitled to the benefit of his answer to these charges of fraud.

But admitting the defence to be available, it is not sustained by the evidence. The material averments upon which

the defendant relies to sustain the defence, consist of new matter, not responsive to the bill. Of the truth of these averments the answer is no proof. They must be established by evidence. *Neville* v. *Demeritt*, 1 *Green's Ch. R.* 335; *Fisler* v. *Porch*, 2 *Stockt.* 248; *Stevens* v. *Post*, 1 *Beas.* 408.

There is a total failure of proof to sustain the case presented by the answer. All that the proof establishes is, that the defendant paid too high a price for the land. There is no satisfactory proof of fraud, or of such abuse of confidence as will entitle the defendant to relief in equity against the mortgage.